AHAZ MOWRY, Administrator, *v.* JAMES O. SMITH & others.

A transfer by the intestate to such of three of his grandchildren as should survive the age of twenty-one years, of an overdue mortgage upon real estate, executed to him by their father, is not deemed an advancement to them because made, as expressed in the transfer, in consideration of love and good-will; the same not being real estate within the meaning of ch. 159, § 20, of the Rev. Stats. concerning advancement; nor are the mere ordinary words of transfer, upon such consideration, to be construed as a " charge," or " memorandum in writing," within the meaning of that enactment. These latter words imply, that the donee shall be charged, or, in a manner, made debtor to the testator's or intestate's estate, or, that the memorandum shall, in some way, indicate the nature of the gift, as an advancement.

APPEAL from an order of the court of probate of Burrillville, distributing the personal estate of the late Duty Smith amongst his next of kin, passed March 1, 1858; the court having decided that the conveyance by the intestate, in his lifetime, of a certain mortgage to three of his grandchildren, was not to be taken into account as an advancement to them.

It appeared upon the trial, that the balance of personal estate in the hands of the administrator and appellant, less the expenses of settling his final account, was $15,318.51, to be distributed amongst three children and five grandchildren of the intestate; that on the 8th day of November, 1833, Alvah Smith, a son of the intestate, and father of the grandchildren of the intestate, mortgaged to him his homestead farm for the sum of $2,270.67, payable on or before the 1st day of April, 1834, with interest, and continued to reside on the farm until his death, in 1842; and that, on the 8th day of November, 1843, the intestate conveyed to three of his grandchildren, the three male children of his son Alvah, " for and in consideration of the love and good-will" which he had for them, as expressed in the conveyance, the mortgage, and all his right in the mortgaged premises under the same; they to divide the amount of the mortgage, then being, with interest, $3,633.07, amongst such of them as survived the age of twenty-one years. Duty Smith, the intestate, died on the 4th day of February, 1855; and the administrator claimed, upon this appeal, that the court below erred in not computing, in their order of distribution, the amount of this mortgage to be an advancement by the intestate to his three male grandchildren.

*Brown & Van Slyck*, for the appellant:—

1st. Was said mortgage real estate, or such an interest therein, as would cause it to be considered real estate, with reference to the question of advancement? If it was, then not only the spirit, but the letter of the statute, has been complied with, and we need not go into any other considerations.

The mortgagee of real estate is at law the owner of the fee, and the mortgagor has only an equity of redemption therein. 4 Kent, 159, *passim.* The estate of the mortgagee, it is true, is defeasible upon payment of the moneys, but until paid, the fee is in the mortgagee. Hence the deed of the mortgagee's interest is a deed of the title to the fee, (subject, of course, to be defeated by the performance of the condition of the mortgage,) and hence, a deed thereof, for love and good-will, is entirely within the language of the law.

The statute treats a mortgage as real estate, except for pay

ment of debts. Rev. Stats. ch. 157, § 15. The mortgagee's interest may pass by quitclaim, and ejectment, or a real action, is the remedy he has under the mortgage.

But again, a mortgage of twenty years' standing is, as a general thing, irredeemable, and hence the estate conveyed by Duty Smith to the appellees was realty. *Dexter and others* v. *Arnold et al.* 3 Sumn. 152. It is perhaps unnecessary to call the attention of the court to the fact, that by the statute, the words, love and good-will, raise a presumption that the estate was conveyed by way of advancement. Rev. Stats. ch. 159, § 20; 3 Conn. 31, *passim.*

2d. If it is not real estate, within the meaning of the statute relating to advancements, but personal estate, then the making, signing, sealing, and delivering of this deed, in such a manner, and for such a consideration, as would (had the subject-matter of the gift been real estate) have made it an advancement beyond all question, is a charge or memorandum thereof in writing, within the letter and spirit of the statute. In the case of *Law and others* v. *Smith*, 2 R. I. Rep. 244, it was expressly decided, that the language of the statute was not intended to limit the proof of an advancement to the particular kind named in said statute, so as to exclude proof of a higher character, such as confession, and, as the plaintiffs say, deeds of the kind herein named. Thus, upon proof that an heir has been heard to say or admit, that he had received from the intestate articles or property which were intended as an advancement, the court held, that such proof was tantamount to the specific proof named in the statute. Now, a solemn deed, signed, sealed, acknowledged, delivered, and accepted, and for nearly twenty years subsequent, enjoyed, is certainly higher proof than admissions depending on the recollection of witnesses; and yet even such, as we have seen, have been held sufficient to satisfy the statute requirements. No particular form of words is necessary to constitute an advancement; but only that they show the intention of the intestate to make them an advancement. *Bulkley* v. *Noble*, 2 Pick. 340.

In the case at bar, the words used are the words which the law itself declares, even in the case of real estate, the appro-

22 *

priate words to indicate and distinguish advancements; and, *à fortiori*, will they do so in the case of personalty. They constitute *primâ facie* evidence of it. See 3 Conn. 31. It has been repeatedly holden, that where a father paid for real estate, but the deed was made to the son, it was an advancement. Now this was in fact nothing but a delivery of personal property to the son without charge or memorandum; but inasmuch as it was by the transaction connected with real estate, and the deed to the son could have truly expressed no other consideration, had the title passed through the father, but love and good will, therefore, being within the spirit of the statute, it is construed as an advancement, though the exact words of the statute never were used. 1 Ohio State R. 1; *Tremper* v. *Barton*, 18 Ib. 418; *Dudley* v. *Bosworth*, 10 Humph. 9; *Hayden* v. *Birch*, 9 Gill, 79. It is the same principle that our own court acted on in *Law* v. *Smith*, 2 R. I. Rep. 244, above cited; 2 Story, Eq. Jurisp. 615. Personal property may as well be conveyed by deed as by simple bill or parol; and if conveyed by deed, and the appropriate words used that indicate an advancement, in the absence of contrary proof, the legal intendment is, that it is an advancement. *Wilks* v. *Green*, 14 Ala. 437. Statutes may vary slightly in their language, but the general principle on which they are constructed, and the principles governing their construction, have a remarkable similarity in all the states.

*Tillinghast & Bradley*, for the appellees:—

Debts due by mortgage of real estate, shall be considered as personalty, according to the statute of Rhode Island regulating the inventory and assets of intestate estates. Rev. Stats. ch. 157, § 7. An assignment of the mortgage being necessarily in writing, for the purpose of delivery and transfer, is not to be deemed a charge or memorandum of the transfer or delivery, in the sense of our statute of advancement.

BOSWORTH, J. This case comes to this court by appeal from a decree of the court of probate of Burrillville.

The question to be considered, is, whether a transfer of a mortgage, made by a deceased intestate during his life, on the 8th day of November, A. D. 1843, to three of his grandchildren, for the consideration of love and affection, shall be deemed an

advancement to such grandchildren, as heirs of the intestate, in the distribution of his estate.

The statute enacts, that " If real estate shall be conveyed by deed of gift, or if personal estate shall be delivered to a child or grandchild, and charged, or a memorandum made thereof in writing by the intestate, or by his order, or shall be delivered expressly for that purpose in the presence of two witnesses, who were desired to take notice thereof, the same shall be deemed an advancement to such child, to the value of such real or personal estate." Rev. Stats. ch. 159, § 20. Under the terms of this clause of the statute, the appellant contends, that the mortgage assigned by the intestate, as before recited, was an advancement, because, he says, it was a deed of gift of real estate. It is true that a mortgage in fee is an estate upon condition, defeasible by the performance of the condition according to its legal effect. Yet, before foreclosure, the mortgagor continues the owner of the mortgaged premises, not liable for rents and profits while in possession. The mortgagee has merely a lien upon the premises for the security of his debt, by virtue of which he may obtain possession, in order to secure the payment of his debt. If the debt is paid, the interest of the mortgagee ceases in the estate. A transfer of the mortgage is therefore but the transfer of a lien upon, and not a deed of, the estate. In this case it was a gift of the security, as incident to the gift of the claim which it was designed to secure. The statute declares, that debts due by mortgage of real estate, and the mortgaged premises, shall, before foreclosure of the mortgage, be considered personal property. (See Rev. Stats. ch. 157, § 7.) The transfer of the mortgage under consideration cannot be deemed an advancement, as a conveyance of real estate by deed of gift.

Nor do we think that there is any evidence that the testator intended the transfer as an advancement of personal estate. No indication of such purpose is furnished by the terms of the transfer. That, is in the ordinary and necessary form, for the transfer of this sort of personal property, by gift. No charge or memorandum is made by the testator, or by his order, when it is delivered, or afterwards; and there is no evidence that it was

delivered for that purpose in presence of witnesses, who were desired to take notice of the fact. It is contended, that the transfer on the back of the mortgage should be construed as a charge or memorandum, such as the statute declares to be evidence of an advancement. We understand the words " charged " or " memorandum " to imply that the donee shall be charged, or in a manner made debtor to the testator's or intestate's estate, or, that the memorandum shall, in some manner, indicate the nature of the gift as an advancement. In this case no memorandum was made, except the ordinary and necessary form of words to convey or transfer the property—constituting simply the delivery of this sort of personal property. The memorandum was not made to answer any object of the donor, but simply to vest the property in the donee. If the gift had been of a ship, the necessary mode of conveyance would have been by bill of sale ; but the instrument necessary to perfect the gift could not be construed as a charge of the value of it, or a memorandum of an advancement of it, to the donee.

*The decree of the court below is affirmed.*